# CONCHA TORRIJOS

*a

# JOSÉ FERNANDEZ ET AL.

---

San Juan, Law, No. 954.

PLEADING AND PRACTICE.

Pleading—Construction Against Pleader.

1. Where a complaint states that the plaintiff usually resides in Spain, it will, construing the statement more strongly against the

Torrijos v. Fernandez.

pleader, mean that she is a resident of Spain, and a nonresident of Porto Rico. Her physical residence in Porto Rico will not change this rule.

Pleading—Porto Rican Procedure.

    2. Section 342 of the Porto Rico Code of Civil Procedure suggesting that the proceeding be stayed until costs are secured, where plaintiff is a nonresident, is followed.

Opinion filed May 7, 1913.

*Mr. A. Diaz Vera* for plaintiff.

*Mr. Cay. Coll y Cuchi* for defendants.

HAMILTON, Judge, delivered the following opinion:

It seems to the court that the rule that the pleading is to be construed most strongly against the pleader would apply here, and when the plaintiff says that she usually resides in Spain, that, for all legal purposes, makes her a resident of Spain. The fact that she is physically in the island now would not make her a resident, and the court would therefore hold that, for the purposes of this motion, she is a nonresident. Now, what the effect of that is, it is not necessary to say, but, under § 342 of the Code of Civil Procedure and the rule of court, the court holds that she is a nonresident.

Of course, counsel understand that the court has nothing whatever to do with the parties to any particular case. I simply enforce the law. How it cuts one way or the other I do not know, and it would be none of my business to know.

The court will make the order that the plaintiff make a de-

posit or furnish security for all costs which may accrue in this case, and it would seem only right to follow the suggestion in § 342 of the Code of Civil Procedure, that all proceedings are stayed until that is done. It is so ordered.